IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:15-CV-95-D

| | | |
|---|---|---|
| TONY F. DRAUGHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Tony F. Draughon ("plaintiff"), who is proceeding pro se, challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the Commissioner's converted motion for summary judgment (D.E. 13), pursuant to Fed. R. Civ. P. 56, in which she seeks to dismiss this case as untimely filed. For the reasons set forth below, it will be recommended that the Commissioner's motion be allowed and that this action be dismissed.

**I.  BACKGROUND**

On 19 July 2013, an administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled and therefore not entitled to DIB. (ALJ Dec. (filed at pp. 5-28 of D.E. 14-1) 22[1]). By notice dated 24 January 2014 ("Notice"), the Appeals Council denied plaintiff's request for review. (Notice (filed at pp. 29-31 of D.E. 14-1)). At that time, the decision of the

---

[1] All page citations to documents filed in this case are to page numbers assigned by the court's CM/ECF electronic filing system.

ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 7 May 2015, pursuant to 42 U.S.C. § 405(g), by filing a motion to proceed *in forma pauperis* (D.E. 1).[2] On 19 May 2015, the court directed plaintiff to particularize his application (*see* D.E. 3), which he did in an amended motion to proceed *in forma pauperis* (D.E. 4). On 11 October 2015, the court allowed the amended motion (*see* D.E. 5), and the complaint (D.E. 6) was filed.

On 14 December 2015, the Commissioner filed the instant motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) as untimely filed under 42 U.S.C. § 405(g). The Commissioner filed a memorandum (D.E. 14) and collection of exhibits (D.E. 14-1) in support of the motion. Plaintiff filed an unverified handwritten, four-sentence response (D.E. 16). The motion was referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 18).

By order entered 14 April 2016 (D.E. 20), the court converted the motion to one for summary judgment, pursuant to Rule 12(d); gave plaintiff the opportunity to file a supplemental response by 5 May 2016; and advised him of his rights in connection with the converted motion including appending to the order a copy of Rule 56. Plaintiff did not file a supplemental response by the 5 May 2016 deadline or thereafter.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Summary Judgment Standard

A motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

---

[2] The filing of the motion to proceed *in forma pauperis* tolled the limitations period. *See, e.g., Paulk v. Dep't of Air Force, Chanute Air Force Base*, 830 F.2d 79, 83 (7th Cir. 1987) (holding that the statute of limitations is tolled during the pendency of a motion to proceed *in forma pauperis*).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

B.  **Time for Appeal of a Final Decision of the Commissioner**

Pursuant to the Social Security Act ("the Act"), a claimant may obtain review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The regulations under the Act ("the Regulations") provide more specifically that a civil action must be

> instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause.

20 C.F.R. § 422.210(c). The Regulations further specify that "the date of receipt of [the notice] . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id*. "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to filing the complaint in district court." *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984)).

### III. ANALYSIS

Here, the Notice is dated 24 January 2014. (*See* Notice 29). Further, Kathie Hartt ("Hartt") states in a declaration filed by the Commissioner that she is an official within the Social Security Administration, that she is "responsible for the processing of [DIB and SSI claims] whenever a civil action has been filed in the State of North Carolina," and that the Notice was, in fact, mailed to plaintiff on that date:

> On January 24, 2014, the Appeals Council sent, by mail addressed to the plaintiff at 463 Beaman Woods, Clinton, NC 28328, notice of its decision and of the right to commence a civil action within sixty (60) days from the date of receipt . . . .

(Hartt Decl. (filed at pp. 1-4 of D.E. 14-1) 3 ¶ (3), (3)(a)). Hartt also states that she is "not aware of any request for an extension of time [by plaintiff] to file a civil action as specified in said [N]otice and in [42 U.S.C. § 405(g)] . . . and in [20 C.F.R. § 422.210]." (*Id*. ¶ (3)(b)). Based on this evidence, the court concludes that the Commissioner has presented sufficient evidence to show that the presumptive receipt date of the Notice was 29 January 2014, such that plaintiff's deadline for filing his appeal was 31 March 2014.

4
Case 7:15-cv-00095-D   Document 21   Filed 05/17/16   Page 4 of 7

Plaintiff does not appear to challenge the presumptive date of receipt or associated deadline. His response to the Commissioner's motion reads:

> I am requesting to be heard on this matter. I missed my initial court date due to a medical condition and was unable to be present. Documentation can be provided as needed. Please take this in consideration.

(Pl.'s Resp.). Nowhere does plaintiff allege that he never received the Notice, received it later than 29 January 2014, or sought or obtained an extension of the appeal deadline. To the contrary, his response acknowledges that he missed a deadline. While he describes the subject of the deadline as his "initial court date," read in context and liberally, he is likely referring to the deadline for his appeal. (Pl.'s Resp.).

While not apparently challenging receipt of the Notice within the presumed period, plaintiff's response does suggest that he seeks equitable tolling of the associated deadline based on his medical condition. The deadline to appeal from denial of Social Security disability benefits may be equitably tolled under appropriate circumstances. *Bowen v. City of New York*, 476 U.S. 467, 478-81 (1986) (holding that "the 60-day requirement is not jurisdictional" and qualifies for equitable tolling in "rare" cases); *Middleton v. Colvin*, No. 815CV00299BHHJDA, 2015 WL 5916209, at *2 (D.S.C. 8 Oct. 2015) ("The 60–day requirement is not jurisdictional and is subject to equitable tolling. . . . However, equitable tolling must be justified by exceptional circumstances.") (internal citations omitted)), *rep. & recommendation adopted by* 2015 WL 5916209, at *1 (8 Oct. 2015); *Hopkins v. Colvin*, No. 6:12-CV-2973-RBH, 2014 WL 4231257, at *1 (D.S.C. 26 Aug. 2014) ("[E]quitable tolling may apply if exceptional circumstances are shown." (citing *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986))).

Here, though, plaintiff offers no evidence to support his contention that his medical condition prevented him from appealing timely. He leaves undisclosed the nature of the

condition and how it prevented him from appealing timely.  Moreover, the period of tardiness—from 1 April 2014 to 7 May 2015—is over a year.  A truly exceptional showing would be required to justify tolling of the deadline for such an extended period.

The court concludes that there is no genuine issue of material fact as to whether plaintiff received the Notice by 29 January 2014.  Accordingly, as a matter of law, his deadline for seeking judicial review was 31 March 2014, this deadline was not equitably tolled, and he failed to meet the deadline by not seeking judicial review until 7 May 2015.  The Commissioner's motion for summary judgment should therefore be granted and this case should be dismissed pursuant to Rule 56(a).

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion (D.E. 13) for summary judgment be GRANTED and that this action be DISMISSED pursuant to Rule 56(a).

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel.  Each party shall have until 31 May 2016 to file written objections to the Memorandum and Recommendation.  The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions.  *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after the filing of objections.

This 17th day of May 2016.

_____
James E. Gates
United States Magistrate Judge